IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY LEE RUEGGE, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV188 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD HANSEN, Warden, and | ) | MEMORANDUM AND ORDER |
| SCOTT FRAKES, Director, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Larry Lee Ruegge, sentenced as a habitual offender, has filed another habeas corpus petition attacking his conviction in a second case.[1] Because the petition comes too late, and also because the sole[2] claim that Ruegge's trial counsel[3] was ineffective (for failing to use a police report) is procedurally defaulted as it was never presented to the Nebraska Supreme Court on the direct appeal by separate appellate counsel, the petition will be denied and dismissed with prejudice.

*Facts*

1.  Petitioner was convicted by a jury in the District Court of Holt County, Nebraska, of theft by receiving stolen property. (Filing No. 7-3 at CM/ECF p. 4.)

---

[1] I denied Ruegge relief in a related but separate case. *See Ruegge v. Gage*, 4:15-cv-03046.

[2] To the extent that Ruegge raises other claims, I determined at initial review that they were not cognizable in federal court. (Filing no. 4.) Ruegge does not contest that ruling.

[3] Ruegge did not attack appellate counsel in the state post-conviction action.

2. The state district court found Ruegge to be a habitual criminal and sentenced him to 10 years in prison. (*Id*.)

3. Ruegge filed a direct appeal through new counsel. (Filing No. 7-3); *State v. Ruegge*, 837 N.W.2d 593 (Neb. App. 2013). Ruegge raised numerous claims on appeal, including that his trial counsel was ineffective for (1) failing to make a timely motion for mistrial, (2) failing to object to alleged instances of prosecutorial misconduct, (3) waiving argument in support of the directed verdict motion, and (4) failing to present a defense. (Filing No. 7-3 at CM/ECF pp. 13-16.)

4. On September 10, 2013, the Nebraska Court of Appeals affirmed Ruegge's conviction and sentence on direct appeal in a published opinion. (Filing No. 7-3); *State v. Ruegge*, 837 N.W.2d 593 (Neb. App. 2013). Ruegge did not petition the Nebraska Supreme Court for further review. (Filing No. 7-1 at CM/ECF p. 3.)

5. On August 11, 2014, Ruegge filed a motion for postconviction relief in the state district court. (Filing No. 7-4 at CM/ECF p. 1.) The state district court denied postconviction relief in an extensive opinion. (*Id*. at CM/ECF pp. 8-15.)

6. On December 11, 2015, the Nebraska Court of Appeals affirmed the state district court's judgment without a written opinion. (Filing No. 7-2 at CM/ECF p. 2.) Ruegge petitioned the Nebraska Supreme Court for further review, which was denied on February 4, 2016. (*Id*.) The mandate was issued on February 18, 2016. (*Id*.)

7. Ruegge's habeas petition was filed on April 28, 2016. (Filing No. 1.)

*Statute of Limitations*

The one year statute of limitations (28 U.S.C. § 2241(d)(1)(A)) ran before the petition was filed on April 28, 2016. That is, 374 days passed by the time Ruegge filed his petition in this case. (305 plus 69=374.) A brief explanation follows.

2

Because Ruegge did not seek further review of the Nebraska Court of Appeals decision in the Nebraska Supreme Court, the clock began to tick 30 days after the Court of Appeals ruled–that is, the clock started on October 10, 2013. See *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012) (limitations period for habeas petition under AEDPA commenced when the time for seeking discretionary review in state's highest court expired); Neb. Ct. R. App. § 2-102(F)(1) (stating that a petition for further review must be filed within 30 days after release).

Ruegge filed his state post-conviction action on August 11, 2014. By that time, no less than 305 days had elapsed. The clock stopped.

Ruegge's post-conviction motion was denied, and affirmed on appeal. The Nebraska Supreme Court's mandate was issued on February 18, 2016. The clock started again. Between February 19, 2016 and April 28, 2016[4], no less than 69 days passed.

Finally, Ruegge has made no showing that would excuse the late filing. His petition is therefore barred.

*Procedural Default*

Ruegge has never presented his claim to the Nebraska Supreme Court that trial counsel was ineffective for failing to utilize a police report. That claim is therefore procedurally defaulted as Nebraska law gives him only one bite of the apple and he failed to assert that claim on direct appeal as he was required to do despite the fact that

---

[4]The petition was placed in the mail on April 26, 2016. (Filing no. 1 at CM/ECF p. 13.) Thus, even if the date of mailing becomes the filing date under the "prison mail box rule" the petition is still tardy as 372 days would be counted against Petitioner.

3

he had separate appellate counsel. 28 U.S.C. § 2254(b)(1)(A). (*See also* filing no. 8 at CM/ECF pp. 4-6 for an extended discussion which I adopt).

*No Certificate of Appealability*

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 6) is granted. The Objection (filing no. 9) is denied. The petition (filing no. 1) is denied and dismissed with prejudice.

2. The court will not issue a certificate of appealability in this matter.

3. The court will enter a separate judgment in accordance with this order.

DATED this 30th day of August, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge